IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Donte Henderson (2024-0714080), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 C 7526 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Cook County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, the Court adopts Magistrate Judge Holleb Hotaling's Report and Recommendation that this case be dismissed for Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). This case is dismissed with prejudice. The Clerk is directed to enter final judgment and send Plaintiff a copy of this order.

**STATEMENT**

Plaintiff Donte Henderson, an inmate at the Cook County Jail, brings this *pro se* civil rights lawsuit concerning his alleged lack of wheelchair access at the jail. After Plaintiff repeatedly failed to participate in this litigation, Magistrate Judge Holleb Hotaling issued a report and recommendation that it be dismissed for want of prosecution. (Dkt. No. 86.) Now before the Court are Plaintiff's objections to that report and recommendation. (Dkt. No. 88.)

When timely objections are made, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); *see Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).

A court may dismiss an action if the plaintiff fails to prosecute it. Fed. R. Civ. P. 41(b). Courts should "sparingly" exercise this authority and "only do so when there is a clear record of delay or contumacious conduct." *Next Millennium Telecom Co. v. Am. Signal Corp.*, 112 F.4th 481, 484 (7th Cir. 2024). A party's failure to meet court-ordered deadlines is itself "contumacious conduct" that justifies dismissal. *Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (plaintiff's failure to respond that delays the litigation can be basis for dismissal for want of prosecution).

Any sanctions imposed must be proportionate to the circumstances. *Rice v. City of Chicago*, 333 F.3d at 780, 784 (7th Cir. 2003). In deciding whether to dismiss a case for failure to prosecute the Court must consider "'the frequency and magnitude of the plaintiff's failure to comply, the effect of those failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of plaintiff's lawsuit.'" *Id.* (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857–58 (7th Cir. 1998)). Considering all of these factors, the Court finds that

dismissal with prejudice is warranted here.

The Court observes that Plaintiff has repeatedly failed to comply with court orders in this case and/or objected to being asked to comply with the basic requirements of litigating his case. For example, at the outset of this case, the Court directed Plaintiff to complete a renewed *in forma pauperis* application that properly disclosed his financial condition. (Dkt. No. 7.) Plaintiff complied, but on the renewed application wrote, "This Court is An Abomination! It is highly unlikely for me to know anything while I am being mistreated." (Dkt. No. 8 at pg. 2.) The Court granted the application, but warned Plaintiff that expecting him to disclose basic information about his own finances was not an undue burden, that abusive language and conduct may result in sanctions, and that he would be expected to comply with all Court orders if he wanted to proceed with this case. (*See* Dkt. No. 11 at pg. 2.)

Later, in preparing the required joint initial status report, defense counsel reported that a video conference with Plaintiff was rescheduled so that Plaintiff could attend a doctor's appointment. Plaintiff refused to attend the rescheduled video conference. (*See* Dkt. No. 46 at pgs. 2-3.) The Court warned Plaintiff at that time that he was expected to cooperate in the preparation of joint status reports, and that failure to do so, or otherwise comply with court orders may result in sanctions up to and including dismissal. (Dkt. No. 48.)

Magistrate Judge Holleb Hotaling, as part of her supervision of discovery in this case, directed the parties to file a joint status report concerning when Plaintiff would be ready to make a settlement demand in this case. (Dkt. Nos. 52, 67.) Defense counsel reported that Plaintiff refused a video conference for the purpose of preparing this report. (Dkt. No. 71.) Plaintiff then failed to appear at an Oct. 7, 2025, telephonic status hearing Judge Holleb Hotaling set to discuss this issue, for reasons that initially were unclear. (Dkt. No. 85.)

Judge Holleb Hotaling then re-set the telephonic status hearing to Nov. 4, 2025, at which Plaintiff again did not appear. (Dkt. No. 86.) Defense counsel reported that Plaintiff was made aware of the hearing, but refused to participate. (*Id.*) Additionally, counsel advised that Plaintiff had refused to participate in the Oct. 7, 2025, telephonic status hearing as well. (*Id.*) This resulted in the recommendation that this case be dismissed for want of prosecution due to Plaintiff's continued failure to participate in the litigation. (*Id.*)

Plaintiff's Objections, Dkt. No. 88, do not squarely address the issue of his failure to participate in this litigation. Plaintiff instead argues about the Court having limited the scope of this case to Plaintiff's wheelchair access when Plaintiff contends that he is "being attacked and tortured daily." (*Id.*) He states that, "I never said I refused anything." (*Id.*) Plaintiff adds that the "whole complaint is about not being able to come out of my cell." (*Id.*) Although not entirely clear, Plaintiff's argument seems to be that he physically cannot attend telephonic or video conferences.

He provides no specifics as to why he cannot do so, however. Throughout this litigation, Plaintiff has not clearly explained the nature of his alleged disability, nor has he provided any supporting documentation indicating that it is so severe that he cannot participate in telephonic or video conferences in this case without wheelchair access.

2

The record in this case undermines any suggestion that Plaintiff is severely disabled and unable to leave his cell. In particular, when Plaintiff first requested preliminary injunctive relief in this matter, Defendants submitted a Declaration from Dr. Andrew DeFuniak, the Division Chair for Correctional Medicine with Cermak Health Services, which provides medical care to detainees at the Cook County Jail. Dr. DeFuniak, after having reviewed Plaintiff's medical records, opined that he had not been diagnosed with a condition that required the use of a wheelchair on a permanent or temporary basis. Among other things, Dr. DeFuniak stated that medical personnel had observed Plaintiff ambulating independently without assistive devices multiple times. (*See* DeFuniak Decl., Dkt. No. 43-1.)

This both undermines Plaintiff's apparent contention that he is not at fault for failing to litigate this matter and suggests that there is little possible merit to Plaintiff's claims. The undersigned and the Magistrate Judge rely on the preparation of joint status reports and status hearings in order to manage litigation. The Court is at a loss as to how Plaintiff expects this litigation to proceed if he refuses to meet his basic responsibilities as a litigant. The Court also finds that lesser sanctions would be inappropriate. Plaintiff already has received multiple warnings about his conduct, and because Plaintiff is proceeding *in forma pauperis*, a fine would not be an effective deterrent. *See Brown v. McDonald's Restaurants of Illinois, Inc.*, No. 23-1715, 2024 WL 676762, at *3 (7th Cir. Feb. 20, 2024) (unreported).

The Court therefore adopts the Report and Recommendation and dismisses this case with prejudice for want of prosecution. The Clerk is directed to enter final judgment and send Plaintiff a copy of this order and the judgment. This case is closed.

Date: 12/10/2025                      /s/ John J. Tharp, Jr.
                                                                John J. Tharp, Jr.
                                                                United States District Judge